Eastern District of Kentucky
F I L E D
MAR 14 2018
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:17-CR-43-SS-GFVT-HAI

UNITED STATES OF AMERICA            PLAINTIFF

V.            **PLEA AGREEMENT**

JAMIE PETERS            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Second Superseding Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance ("Count One"). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss all remaining counts, including the Underlying and Superseding Indictments.

2. The essential elements of Count One are:

    (a) Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

    (b) The Defendant knowingly and voluntarily joined that conspiracy; and

    (c) That conspiracy involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

3. As to Count One, the United States could prove the following facts that

establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)    Between on or about a day in April 2017 and continuing through on or about a day in August 2017, in Laurel County and Whitley County within the Eastern District of Kentucky and elsewhere, the Defendant conspired and agreed with others to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

    (b)    Specifically, the Defendant had an arrangement with Marti Payne and other related methamphetamine distributors that allowed her to regularly obtain methamphetamine for the purpose of distribution. In total, the Defendant worked together with others, including Ethan Powers, to distribute or assist in the distribution of more than 50 grams of methamphetamine in the Laurel County and Whitley County areas in the Eastern District of Kentucky.

    (c)    On June 23, 2017, law enforcement conducted a traffic stop of a vehicle in which the Defendant was the driver and Ethan Powers was the passenger. Law enforcement located approximately 11 grams of methamphetamine in the vehicle and approximately 15 grams of methamphetamine that Powers attempted to discard following his arrest.

4.     The statutory punishment for the offense is not less than 10 years nor more than life imprisonment, a $8,000,000 fine, and at least 8 years of supervised release. The Defendant is eligible for the above-referenced enhanced sentence based on a prior qualifying felony drug conviction. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and

they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

  (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

  (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 500 grams but less than 1.5 kilograms of a mixture or substance containing methamphetamine.

  (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the

Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 3/14/18          By: _____
                           Andrew H. Trimble
                           Assistant United States Attorney

Date: 3-14-18              _____
                           Jamie Peters
                           Defendant

Date: 3-14-18              _____
                           Jason E. Williams
                           Attorney for Defendant

4